IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BARN II, INC., an Illinois Corporation, d/b/a CONKLIN BARN II DINNER TEHATRE,<br>    Plaintiff,<br><br>v.<br><br>WEST BEND MUTUAL INSURANCE COMPANY,<br>    Defendant. | Case No. 1:17-cv-01184-MMM-JEH |

**Order**

Now before the Court is the Plaintiff's Motion for Leave to File its Amended Complaint Reinstating Count I *Instanter* (Doc. 24), the Defendant's Response (Doc. 25) thereto, and the Plaintiff's Reply (Doc. 26). For the reasons set forth below, the Plaintiff's Motion for Leave to File its Amended Complaint Reinstating Count I *Instanter* is GRANTED.

**I**

On April 28, 2017, the Defendant, West Bend Mutual Insurance Company (West Bend), removed this case from the Circuit Court of Woodford County, Illinois to federal court on the basis of diversity jurisdiction. Before the case was removed to federal court, the Plaintiff's, Barn II, Inc.'s, original Complaint included four counts against Defendant including: 1) a count for improper claims practice under 215 ILCS 5/154.5, 215 ILCS 5/154.6, and 215 ILCS 5/155; 2) a count for breach of contract; 3) a count pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act; and 4) a count petitioning for declaratory judgment pursuant to 735 ILCS 5/2-701. On May 5, 2017, the Plaintiff

1

voluntarily dismissed Count I of its original Complaint without prejudice and dismissed Count III with prejudice.

Following removal of this case, the Court set a discovery schedule in place on June 20, 2017 which included a deadline of August 15, 2017 for the amendment of pleadings and for discovery to close on May 31, 2018. On December 20, 2017, the Plaintiff filed its Motion for Leave to File its Amended Complaint in which Count I is entitled "Vexatious and Unreasonable Denial of Claim Pursuant to 215 ILCS 5/155 of the Illinois Insurance Code" (Section 155 claim or Count I). The Plaintiff argues that since it voluntarily dismissed Count I, the parties engaged in extensive discovery which has produced evidence that supports the Plaintiff's previously filed Count I. The Plaintiff also argues that it had no idea of the evidence supporting its previously filed Count I that would be discovered pursuant to discovery at the time it submitted the Discovery Plan. In its Response, the Defendant argues the Plaintiff was fully aware of the grounds for West Bend's denial of its claim from the September 11, 2015 denial letter, the engineer's report referenced in that denial letter, and the second denial letter dated October 18, 2016. The Defendant further contends the Plaintiff knew the identity of the witnesses prior to filing suit that it asserts should have been interviewed by West Bend as part of its coverage determination. In reply, the Plaintiff argues the Defendant misses the point relative to the Plaintiff's understanding of its denial. In its Reply, and at the Court's direction, the Plaintiff detailed the evidence produced during discovery which it stated supports Count I's reinstatement.

II

Though the Plaintiff sought leave to amend pursuant to FEDERAL RULE OF CIVIL PROCEDURE 15(a), the question of whether to allow the Plaintiff to amend its Complaint at this stage – after the deadline for amendment of pleadings has

expired – must be evaluated under FEDERAL RULE OF CIVIL PROCEDURE 16(b). *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"); FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent") (emphasis added); *Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 689 (N.D. Ill. 2009) (applying the Rule 16(b) standard where the parties' deadline to amend the pleadings passed nearly two months before the plaintiff filed a motion for leave to amend its complaint to add an additional count). At this stage of the litigation, the Plaintiff must show "good cause." *Trustmark Ins. Co.*, 424 F.3d at 553. Good cause requires a showing of diligence by the party seeking the amendment. *Id*. The heightened good-cause standard of Rule 16(b)(4) is applied before considering whether the requirements of Rule 15(a)(2) are satisfied. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011).

The evidence which the Plaintiff argues supports the reinstatement of Count I was produced during discovery on August 28, 2017, August 29, 2017, October 3, 2017, and December 1, 2017 in the form of deposition testimony by witnesses who were there at the barn at the time of the relevant storm, who were on their way to the barn on the evening of the storm, who were construction/maintenance people at the barn the morning after the storm, and who were "weather people." The first handful of depositions did not occur until after the amendment of pleadings deadline already passed and the last few depositions thus far occurred less than three weeks before the Plaintiff sought to amend the Complaint. While the Plaintiff may have known the identity of the witnesses who it asserts should have been interviewed by West Bend, there is no indication that the Plaintiff knew exactly what their testimony would be; thus, there is no indication the Plaintiff knew their testimony would support

3

reinstatement of Count I. Given that the Plaintiff sought to reinstate Count I just weeks after the last of those depositions Plaintiff says support that count and given that discovery does not close in this case until May 31, 2018, the Court finds the Plaintiff was diligent in seeking to amend its Complaint to reinstate its Count I.

Because the Plaintiff argues the amendment be allowed pursuant to Rule 15's provision that a court should freely give leave to a party to amend its pleading "when justice so requires," and the Defendant appears to argue futility precludes the amendment, the Court will briefly conduct an inquiry under Rule 15. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (explaining that under Rule 15(a)(2), leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility).

The Defendant argues that the facts do not support a Section 155 claim in this case, and the rule that a *bona fide* dispute as to coverage defeats a Section 155 claim would apply in this case. Indeed, damages may not be awarded under Section 155 if, among other things, there is a *bona fide* dispute concerning the scope and application of insurance coverage. *Wheeler v. Assurant Specialty Prop.*, 125 F. Supp. 3d 834, 840 (N.D. Ill. 2015). Here, however, the Plaintiff alleges in its proposed amended complaint that West Bend failed and breached its duty to deal fairly with its insured because, among other things, it failed to objectively investigate its claim prior to denying it, failed to interview and/or consider input from various witnesses, failed to consider its own inspection report conducted on May 27, 2015, vexatiously and unreasonably concluded that the damage to the barn on the night of the storm was caused by "long term deterioration," vexatiously and unreasonably denied the Plaintiff's claim thereby forcing it to

permanently close, and vexatiously and unreasonably failed to re-evaluate the denial of Plaintiff's claim after significant discovery had been completed. Given such allegations at this stage of the case, the Court cannot say a *bona fide* dispute as to coverage so obviously applies here as to defeat as futile the Plaintiff's amendment. *Compare Spearman Indus., Inc. v. St. Paul Fire and Marine Ins. Co.*, 138 F. Supp. 2d 1088, 1102 (N.D. Ill. 2001) (granting partial summary judgment on bad faith count pursuant to Section 155 where there was no evidence of bad faith, vexatious behavior, or unreasonableness on the part of the defendant concerning its investigation, litigation, and denial of the claim). This is particularly so where the question of whether conduct is vexatious or unreasonable is a factual one determined by looking at the totality of the circumstances. *See Wheeler*, 125 F. Supp. 3d at 841, *citing Med. Protective Co. v. Kim*, 507 F.3d 1076, 1086 (7th Cir. 2007). Any further analysis of the Plaintiff's allegations at this time would be beyond that necessary to determine whether Plaintiff should be allowed to reinstate Count I. Finally, the Court does not find that the Plaintiff unduly delayed in seeking to amend, acted in bad faith, or repeatedly failed to cure deficiencies or that allowing the amendment would be unduly prejudicial to the Defendant. The amendment is allowed.

### III

For the foregoing reasons, the Plaintiff's Motion for Leave to File its Amended Complaint Reinstating Count I *Instanter* (Doc. 24) is GRANTED. The Clerk is directed to file the Plaintiff's proposed Amended Complaint (Doc. 24-1) attached to the Motion.

*It is so ordered.*

Entered on January 18, 2018.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE